UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 23-1201 FMO (MAAx) | Date | February 1, 2024 |
|---|---|---|---|
| Title | Alan Bronshteyn v. McLaren Automotive, Inc. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):  Attorney Present for Defendant(s):
None Present  None Present

**Proceedings:** (In Chambers) Order Re: Motion to Remand

On May 15, 2023, Alan Bronshteyn ("plaintiff") filed a complaint in the Riverside County Superior Court ("state court") against McLaren Automotive, Inc. ("defendant"), asserting breach of warranty claims under the California Song-Beverly Consumer Warranty Act, ("Song-Beverly Act"), Cal. Civ. Code §§ 1790, et seq. (See Dkt. 1, Notice of Removal ("NOR") at ¶ 1); (Dkt. 1-2, Complaint). On June 21, 2023, defendant removed the action on the basis of diversity jurisdiction. (See Dkt. 1, NOR at ¶ 6). Plaintiff's claims arise from his lease of a 2021 McLaren GT in September 2021. (See Dkt. 1-2, Complaint). Plaintiff seeks, among other things, (1) "replacement or restitution[;]" (2) a "civil penalty as provided in the Song-Beverly Act, in an amount not to exceed two times the amount of Plaintiff's actual damages;" and (3) attorney's fees. (See id. at Prayer for Relief).

Now pending is plaintiff's Motion for Remand (Dkt. 15, "Motion"). Having reviewed the pleadings and the briefing filed with respect to plaintiff's Motion, the court concludes as follows.

**LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n.3, 126 S.Ct. 1854, 1861 n.3 (2006). Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006).

"The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32-33, 123 S.Ct. 366, 369-70 (2002) (internal quotation marks omitted). Where Congress has acted to create a right of removal, those statutes, unless

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 23-1201 FMO (MAAx) | Date | February 1, 2024 |
|---|---|---|---|
| Title | Alan Bronshteyn v. McLaren Automotive, Inc. | | |

otherwise stated, are strictly construed against removal jurisdiction.[1] See id. Unless otherwise expressly provided by Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a); see Dennis v. Hart, 724 F.3d 1249, 1252 (9th Cir. 2013) (same). A removing defendant bears the burden of establishing that removal is proper. See Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted). Moreover, if there is any doubt regarding the existence of subject matter jurisdition, the court must resolve those doubts in favor of remanding the action to state court. See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

"Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts." Syngenta Crop Prot., 537 U.S. at 33, 123 S.Ct. at 370. Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and . . . the district court must remand if it lacks jurisdiction." Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 n.2 (9th Cir. 1988) ("It is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or sua sponte by the trial or reviewing court."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

**DISCUSSION**

Plaintiff contends that defendant has failed to establish plaintiff's citizenship, and therefore, diversity jurisdiction does not exist. (See Dkt. 15, Motion at 7). However, defendant alleges that it is a citizen of Delaware and Texas, (see Dkt. 1, NOR at ¶ 13), and that plaintiff is a citizen of Nevada as reflected in the lease agreement. (See id. at ¶ 12); (Dkt. 1-4, Lease Agreement); see 13E Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3612 (3d ed. 2023) ("It is assumed . . . that a person's current residence is also his domicile[.]"). Moreover, plaintiff does not state or even suggest that he is a citizen of a state other than Nevada. (See, generally, Dkt. 15, Motion at 7).

---

[1] For example, an "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 23-1201 FMO (MAAx) | Date | February 1, 2024 |
|---|---|---|---|
| Title | Alan Bronshteyn v. McLaren Automotive, Inc. | | |

    Next, plaintiff contends that defendant has not shown that the amount in controversy exceeds $75,000. (See Dkt. 15, Motion at 8-10). Plaintiff seeks, among other things, (1) "replacement or restitution[;]" (2) a "civil penalty as provided in the Song-Beverly Act, in an amount not to exceed two times the amount of Plaintiff's actual damages;" and (3) attorney's fees. (See Dkt. 1-2, Complaint at Prayer for Relief). Here, defendant has shown that the total payments under the lease agreement is $96,786, and that as of November 16, 2023, plaintiff had already paid over $75,000, which included a $15,000 down payment and monthly payments of $2,311.19 over 26 months. (See Dkt. 1, NOR at ¶ 20); (Dkt. 17, Opposition at 3). This alone establishes the required amount in controversy.

    **This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

## CONCLUSION

    Based on the foregoing, IT IS ORDERED THAT plaintiff's Motion to Remand **(Document No. 15)** is **denied without prejudice**.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | vdr |